UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE: Amy M. Furmanek  Chapter 13
    Debtors  Case No. 18-32855
_____/  Judge Daniel Opperman

## DEBTORS NOTICE OF CONVERSION
## TO CHAPTER 7 PROCEEDING

Now come Debtors, Amy M. Furmanek, by and through attorney, John L. Hicks, and pursuant to 11 USC 1307(a) gives notice of conversion to chapter 7 proceeding.

1. Debtors Chapter 13 Petition was filed 12/12/18 and the case has not been confirmed.
2. There has been no order of discharge entered in this case and there was no previous conversion from a Chapter 7 proceeding.
3. Debtor has had reduction in income due to loss of employment and is no longer able to make plan payments.
4. Debtor now desires to convert the Chapter 13 proceeding to a case under Chapter 7 pursuant to 11 U.S.C. 1307(a).

WHEREFORE, DEBTOR respectfully request that this Honorable Court Enter an Order converting her case to a Chapter 7 proceeding.

    Respectfully Submitted,

    Attorneys for Debtors

    BY**: _/s/ John L. Hicks__**
    412 S. Saginaw 1st Floor
    Flint, MI. 48502
    (810) 232-2223
    Jlhicks14@hotmail.com

Dated: 4/2/19

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE: Amy M. Furmanek            Chapter 13
    Debtors                        Case No. 18-32855
_____/        Judge Daniel Opperman

### ORDER UPON VOLUNTARY CONVERSION OF CASE UNDER CHAPTER 13 TO CASE UNDER TO CHAPTER 7 BY DEBTOR

The Court notes that Debtor has made a request to convert this case to a case under Chapter 7 of the Bankruptcy Code in accordance with 11 U.S.C. 1307(a).

**IT IS HEREBY ORDERED THAT:**

1. This case is converted to a case under Chapter 7 of Title II, United States Code.

2. The Chapter 13 Trustee, within 30 days of the date of this Order, shall field an accounting of all receipts and distributions made, together with a schedule of all unpaid debts incurred after the commencement of the Chapter 13 case, as required by Bankruptcy Rule 1019(6).

3. The Chapter 13 Trustee forthwith shall make available to the Chapter 7 Trustee, and shall turn over to such Chapter 7 Trustee upon request, all records and property of the estate remaining in the Chapter 13 Trustee's custody and control, as required by Bankruptcy Rule 1019(5)

4. The Debtors, within 14 days of the date of this Order, shall file the statements and schedules required by Bankruptcy Rules 1019(I)(A) and 1007(c), if such documents have not already been field.

5. The Debtors, within 30 days of the date of this Order shall, if the case is converted after the confirmation of a Plan, File:

    a. a schedule of all property not listed in the Final Report and Account of the Chapter 13 Trustee which was acquired after the commencement of the Chapter 13 case but before the entry of this Conversion order;

b. a schedule of Executory Contracts entered into or assumed after the commencement of the Chapter 13 case but before the entry of this Conversion Order;

c. a schedule of unpaid debts not listed in the Final Report and Account of the Chapter 13 Trustee which were incurred after the commencement of the Chapter 13 case but before the entry of this Conversion order, as required by Bankruptcy Rule 1019(6); and

d. a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. Section 521(2)(A) and Bankruptcy Rule 1019(I)(B) and conforming to official form 8A.

6. The Clerk of the Court shall forthwith, upon entry, serve copies of the Order upon the Debtor, counsel (if any), the U.S. Trustee and the Chapter 13 Standing Trustee.

7. In the event that the Chapter 13 Plan has not been confirmed, then the Trustee shall be allowed an administrative expense of $100.00 to be paid after payment of fees to the Clerk of the Court to defray the Trustee's cost and expense of administering the case to date.